

**SO ORDERED.**

**SIGNED this 07 day of October, 2005.**

_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: ) | |
| JAMES RAY SHEPHERD ) | Case No. 04-41627 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| MARY E. MAY ) | |
| UNITED STATES TRUSTEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 04-7090 |
| ) | |
| JAMES RAY SHEPHERD ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM ORDER AND OPINION GRANTING
### UNITED STATES TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on United States Trustee's Motion for Partial Summary

Judgment.[1]  Defendant, James Ray Shepherd ("Shepherd"), now *pro se*, did not respond.  The Court

---

[1]Doc. 25.

sent him a letter reminding him of the potential ramifications of failing to respond pursuant to D. Kan. Rule 7.4. Defendant then filed an unsworn letter in response to the summary judgment motion, which the Court has treated as his formal response. The Court has reviewed all papers filed by the parties and is now prepared to rule.

This matter constitutes a core proceeding,[2] and the Court has jurisdiction to decide it.[3]

I.      **FINDINGS OF FACT**

The United States Trustee's ("Trustee)" motion for partial summary judgment is based upon Shepherd's alleged failure to properly account for the loss of assets within the ten month period prior to his filing for bankruptcy. Each of the facts relied upon by the U.S. Trustee were stipulated to by the parties in the Final Pretrial Order,[4] except for one, discussed below. In the twenty-six days between August 12, 2003 and September 6, 2003, Shepherd received a series of cash advances totaling $71,300.43 on various credit cards. This cash, once withdrawn, became an asset acquired within one year of filing for bankruptcy.

Shepherd has been able to account, in a fashion, for the expenditure of $51,044 of the $71,300. On August 20, 2003, Shepherd made a balance transfer of $1,600 using one of his credit cards to an account held by Anita Kmiec, a/k/a Anita Shepherd, who is Shepherd's wife.[5] On September 8, 2003, Debtor made a balance transfer of $3,273.72 using one of his credit cards, again payable to an account held by Anita Shepherd. On August 25, 2003, Shepherd paid State Farm

---

[2]28 U.S.C. § 157(b)(2)(J).

[3]28 U.S.C. § 1334.

[4]Doc. 20.

[5]Although married, Shepherd and his wife, Anita, do not live together. They have been separated since 2002.

2

Insurance $27,500.  On September 3, 2003, Shepherd gave another $7,500 to Anita Shepherd.  On September 25, 2003 Shepherd paid Cook Vinyl Siding for work that was done on his house.[6]  On October 23, 2003, Shepherd transferred another $2,000 from his checking account to Anita Shepherd's account.  On November 21, 2003, Shepherd gave $3,000 to Tonyia Shuler.[7]

The U.S. Trustee contends that Shepherd has been unable to account for $37,629.93 of the $71,300.43 he withdrew via cash advances on his credit cards during the one month period, between August and September of 2003.  It is the alleged failure to account for this asset that forms the basis of the Trustee's Motion for Partial Summary Judgment.

## II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[8]  In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[9]  An issue is "genuine" if "there is sufficient evidence on each

---

[6]The payment to Cook Vinyl Siding was included in the stipulation of facts contained in the Final Pretrial Order (Doc. 20 at ¶ 6(V)), but the amount of $6,170.50 was not included.  The U.S. Trustee has now provided documentation of that payment amount, and Shepherd does not contest the amount.  Because Shepherd has not contested the amount of the payment, and because including this payment in the Court's analysis only benefits Shepherd, the non-moving party, in relation to this motion, the Court will consider this fact to be uncontroverted for purposes of this motion.

[7]Apparently Ms. Shuler is an acquaintance of Shepherd, although the record does not reflect their relationship or the nature of the debt, if any, which this transfer was intended to repay.

[8]Fed. R. Civ. P. 56(c).  Fed. R. Civ. P. 56(c) is made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7056.

[9]*Lifewise Master Funding v. Telebank,* 374 F.3d 917, 927 (10th Cir. 2004); *Loper v. Loper (In re Loper)*, 329 B.R. 704, 706 (10th Cir. BAP 2005).

3

side so that a rational trier of fact could resolve the issue either way."[10]  A fact is "material" if, under

the applicable substantive law, it is "essential to the proper disposition of the claim."[11]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of

material fact and entitlement to judgment as a matter of law.[12]  In attempting to meet that standard,

a movant who does not bear the ultimate burden of persuasion at trial need not negate the other

party's claim; rather, the movant need simply point out to the court a lack of evidence for the other

party on an essential element of that party's claim.[13]

If the movant carries this initial burden, the nonmovant who would bear the burden of

persuasion at trial may not simply rest upon his pleadings; the burden shifts to the nonmovant to go

beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event

of trial from which a rational trier of fact could find for the nonmovant.[14]  To accomplish this,

sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit,

a deposition transcript, or a specific exhibit incorporated therein."[15]  Finally, the court notes that

summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure

"designed to secure the just, speedy and inexpensive determination of every action."[16]

---

[10]*Thom v. Bristol-Myers Squibb Co.,* 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[11]*Id.* (citing *Anderson,* 477 U.S. at 248).

[12]*Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

[13]*Id.* (citing *Celotex,* 477 U.S. at 325).

[14]*Id.* (citing Fed. R. Civ. P. 56(e)).

[15]*Diaz v. Paul J. Kennedy Law Firm,* 289 F.3d 671, 675 (10th Cir. 2002).

[16]*Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

III.    ANALYSIS

A.      Standard for Denial of Discharge under 11 U.S.C. § 727(a)(5)[17]

The Court has the authority to deny a debtor's discharge under § 727(a)(5) if the debtor has "failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."[18] The objecting creditor, here the Trustee, bears the initial burden of showing that the debtor, at a time not remote in time to the filing of the bankruptcy, had assets that would have belonged to the bankruptcy estate but did not possess those assets as of the petition date.[19] Once the trustee makes this showing, the burden then shifts to the debtor to satisfactorily explain the loss or deficiency in assets.[20] "Under § 727(a)(5), a satisfactory explanation 'must consist of more than . . . vague, indefinite, and uncorroborated' assertions by the debtor."[21] Furthermore, an objection to discharge may be maintained under § 727(a)(5) "even if the debtor's failure to explain is not accompanied by fraudulent intent."[22]

B.      The U.S. Trustee has met her initial burden

---

[17]All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2004), unless otherwise specified.

[18]11 U.S.C. § 727(a)(5).

[19]*In re Straub,* 192 B.R. 522, 525 (Bankr. D. N.D. 1996) (citing *In re Bernstein,* 78 B.R. 619 (Bankr. S.D. Fla. 1987); *In re Piscioneri,* 108 B.R. 595 (Bankr. N.D. Ohio 1989)).

[20]*Id.* (citing *In re Chalik,* 748 F.2d 616 (11th Cir. 1984)).

[21]*Matter of D'Agnese,* 86 F.3d 732, 734 (7th Cir. 1996) (quoting *Baum v. Earl Millikin, Inc.*, 359 F.2d 811, 814 (7th Cir. 1966)); *In re Chalik*, 748 F.2d at 619 (citing *In re Reed*, 700 F.2d 99 (5th Cir. 1983) (holding vague and indefinite explanations of losses based upon estimates uncorroborated by documentation are unsatisfactory, so debtor's explanation that $19,586 was consumed by business and household expenses and gambling debts was unsatisfactory) and *Baum v. Earl Millikin, Inc.*, 359 F.2d 811, 814 (7th Cir.1966) (satisfactory explanation must consist of more than a vague, indefinite and uncorroborated hodgepodge of financial transactions)).

[22]*In re Ridley*, 115 B.R. 731, 737 (Bankr. D. Mass. 1990), *citing In re Martin*, 698 F.2d 883 (7th Cir. 1983).

5

As noted above, the Trustee, as the party objecting to discharge under § 727(a)(5), bears the initial burden of showing that Debtor, at a time not remote in time to the filing of his bankruptcy, had assets that would have belonged to the bankruptcy estate but did not possess those assets as of the petition date. The Court finds the Trustee has met this burden. Over a period of less than one month, between August 12, 2003 and September 6, 2003, and only nine to ten months prior to the filing of his bankruptcy, Shepherd received a series of large cash advances on his various credit cards totaling $71,300.

This cash constitutes an asset that would have belonged to the bankruptcy estate had Shepherd retained possession of it at the time he filed his bankruptcy petition. Shepherd filed his bankruptcy petition on June 17, 2004, less than one year after acquiring this relatively large sum of cash. The Court notes that Shepherd's Statement of Financial Affairs filed in connection with this bankruptcy shows that he made $26,759 in wages in 2003. Thus, the $71,300 that Shepherd withdrew during this very short period of time was more than two and one-half times his annual salary.

Shepherd's Schedule B - Personal Property indicated that as of the date of filing, he had two bank accounts with $0.00 balances and no cash on hand.[23] The evidence is thus clear that Shepherd had acquired substantial assets within a relatively short period of time preceding the filing of his bankruptcy, and that those assets were no longer in his possession when he filed for bankruptcy.

---

[23]Shepherd only contested one fact asserted by movant, fact number 22, relating to the closing of his bank account. Shepherd now contends that he did not close his Columbian Bank & Trust checking account, but instead, the Bank closed it. Because Shepherd already stipulated to this fact at a time when he had counsel, the Court finds it to be undisputed for the purposes of this summary judgment motion. The Court also notes, however, that the issue is irrelevant to its decision, and that the Court would have reached the same ultimate decision even if it accepted Shepherd's new position.

6

Therefore, the burden under § 727(a)(5) shifts to Shepherd to satisfactorily explain the loss of these assets.

### C.      Shepherd has failed to satisfactorily explain the loss of assets

With the Trustee having met her initial burden, Shepherd now bears the burden of providing satisfactory explanations for the loss of the assets. Because Shepherd is proceeding *pro se* at this point, the Court has liberally construed his letter response in opposition to the summary judgment motion.[24] For example, although the letter does not take the form of a sworn affidavit otherwise required by Fed. R. Civ. P. 56(c), the Court has considered it, as though it did comply.

Shepherd has provided a satisfactory explanation for the loss of some of the assets in this case. He has now documented that he transferred a total of $14,373.72 to his wife, Anita Shepherd,[25] $3,000 to Tonyia Shuler,[26] $27,500 to State Farm,[27] and $6,170.50 to Cook Vinyl Siding. These amounts total $51,044.22, leaving $20,256.21 remaining to be explained by Debtor.[28]

---

[24]*See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

[25]*See* Final Pretrial Order, Doc. 20, at ¶ 6 (O), (P), (U) and (W).

[26]*See id.* at ¶ 6(X).

[27]*See id.* at ¶ 6(S).

[28]The U.S. Trustee claims the unexplained losses total $37,629.93. However, the stipulations contained in the Pretrial Order show that Shepherd has accounted, in a fashion, for $51,044.22. Although, as the Trustee has pointed out, Shepherd has not provided any documents to verify many of his cash transfers, the fact remains that he has provided at least an explanation as to the disposition of some of the assets. The Court finds Shepherd has met his burden under § 727(a)(5) as to these explained, but undocumented, transactions because of the parties' stipulation as to where the money was spent. Although the Trustee may question the basis for the transfers to Shepherd's wife or the explanations as to why he transferred money to his wife, such concerns are generally not at issue in a § 727(a)(5) proceeding. As noted by the court in *Straub*, "[a] cause of action advanced under § 727(a)(5) is not a substitute for one based upon alleged pre-petition fraud, conversion or other malfeasance. Rather, its purpose is to deny a discharge to a debtor who refuses to cooperate with the trustee or creditors in their effort to trace property that should have been part of the estate." *In re Straub*, 192 B.R. at 525.

Case 04-07090    Doc# 37    Filed 10/07/05    Page 7 of 12

Shepherd's letter response essentially says that because he was under the influence of alcohol

and drugs during the relevant time period, he simply cannot account for the loss of the assets .[29]

Shepherd claims that he has provided all of the information he has to the best of his ability.  It is

irrelevant for the Court's analysis, however, in this §727(a)(5) proceeding whether Shepherd is

withholding information with the intent to defraud or hide the assets.[30]  It is precisely this type of

situation, where a debtor has disposed of assets and does not provide information to allow a trustee

or creditor to track down assets that should otherwise belong to the estate, that § 727(a)(5) is aimed

at correcting.[31]  "Under § 727(a)(5), a satisfactory explanation must consist of more than . . . vague,

indefinite, and uncorroborated assertions by the debtor."[32]  "The explanation must appear reasonable

such that the court no longer wonders what happened to the assets."[33]  Debtor is not under a duty to

maintain his records in elaborately scientific or comprehensive form, but most debtors maintain

some records in some form, if nothing other than a checking account showing deposits and

---

[29]The U.S. Trustee claims that Shepherd's story concerning the disposition of these funds has changed numerous times, ranging from Shepherd having no recollection where the money was spent, to the current claim that the funds were spent on alcohol, drugs and gambling, which Debtor suggests are incapable of proof.  Although this argument may certainly impair Shepherd's credibility if this case were to proceed to trial, weighing the credibility of the parties is not generally proper in a summary judgment context.  *See In re Loper*, 329 B.R. at 709.  For purposes of this motion, the Court will not question Shepherd's credibility, and must view all the facts, including his version of what happened to the remaining assets, in the light most favorable to him.

[30]*See In re Ridley*, 115 B.R. at 737 (holding that a discharge under § 727(a)(5) is appropriate "even if the debtor's failure to explain is not accompanied by fraudulent intent.").

[31]*See In re Straub*, 192 B.R. at 525 (noting that § 727(a)(5)'s purpose is "to deny a discharge to a debtor who refuses to cooperate with the trustee or creditors in their effort to trace property that should have been part of the estate." The trustee correctly argues that if Debtor had completed his schedules accurately and included the gifts to insiders within the one year of bankruptcy, the estate might have been able to pursue preference claims.

[32]*Matter of D'Agnese*, 86 F.3d 732, 734 (7th Cir. 1996) (internal quotations omitted).

[33]*Nisselson v. Wolfson (In re Wolfson)*, 139 B.R. 279, 289 (Bankr. S.D.N.Y.1992).

8

withdrawals, or maintaining some sort of register, or keeping receipts, showing where the money was used.

Shepherd has provided no information relating to where, when and to whom the money was transferred. He does not offer the affidavit of any witness who was the recipient of this money, nor does he provide financial account records showing receipt of the cash or receipts showing the use of the money. He does not even try to provide estimated amounts used for any time. It is clear that at one time, Shepherd maintained two bank accounts, but apparently abandoned use of that form of record keeping at or about the time he made all these cash advances. Thus, Shepherd has not provided any information that would allow the Trustee or a creditor to attempt to track down any assets that should be part of the bankruptcy estate, other than the matters already noted. The Trustee requested Debtor provide information, for example, of the names of person who he claimed to gamble with, and the location of the gambling. Debtor was never able to provide any supporting documents.[34] In fact, he has now denied he had gambling losses.[35]

The Sixth Circuit Court of Appeals was faced with a very similar case in *In re Dolin*.[36] In *Dolin*, the debtor was denied a discharge pursuant to § 727(a)(5) after he was unable to account for the loss of large sums of cash he had withdrawn from his various businesses. Dolin, just like Shepherd, claimed that the money had been spent on drugs and gambling, but that he was unable to provide any specifics as to who the money was transferred to, when it was transferred, or any specific dollar amounts. In rejecting the debtor's claim that he had met his burden under §

---

[34]*See* Final Pretrial Order, Doc. No. 20, at ¶ 6(7) and uncontroverted Fact No. 7.

[35]*See* Doc. 33, Debtor's letter in opposition to summary judgment.

[36]*In re Dolin*, 799 F.2d 251 (6th Cir. 1986).

9

727(a)(5), the Sixth Circuit stated:

> The Bankruptcy Court held that Dolin's general, unsubstantiated statements about his lifestyle did not 'explain satisfactorily' the disposition of more than $500,000 in the three years preceding his bankruptcy. *See Baum v. Earl Millikin, Inc.,* 359 F.2d 811, 814 (7th Cir.1966). We agree. Dolin could only allege that he had used the money to support his cocaine habit and to gamble. The actual expenditures, to whom and when made, are unknown. We recognize that Dolin would not want to keep records of his cocaine purchases and gambling because the drug purchases were illegal and the gambling may have been illegal. The mere fact that a debtor has spent money illegally does not satisfactorily explain the debtor's deficiency of assets. In particular, we hold that neither Dolin's chemical dependency nor his compulsive gambling satisfactorily explain his deficiency of assets. Consequently, the Bankruptcy Court did not err in denying the discharge of Dolin's debts under 11 U.S.C. § 727(a)(5).[37]

The Court finds the holding in *In re Dolin* to be sound and adopts the Sixth Circuit's analysis.

Shepherd's vague explanation for how the assets were spent is insufficient to meet his burden under § 727(a)(5).

Furthermore, any inability to provide that information is the direct result of voluntary actions taken by Shepherd. For example, to defeat summary judgment, Shepherd could have supplied copies of monthly bills in excess of his earned income, and testified, under oath, that the money was used to pay ongoing expenses, if that was the truth. Alternatively, to defeat summary judgment, debtor could have produced affidavits of persons who received the funds prior to his filing bankruptcy. He did neither, and thus he failed to meet his burden to account for the dissipation of all the large cash advances that had become part of the estate less than a year earlier.

IV.     CONCLUSION

_____

[37]*Id.* at 253.

10

Under 11 U.S.C. § 727(a)(5), a bankruptcy court has "broad power to decline to grant a discharge ... where the debtor does not adequately explain a shortage, loss, or disappearance of assets."[38] Title 11 U.S.C. § 727(a)(5) requires a *satisfactory* explanation for the whereabouts of a debtor's assets. For the reasons stated above, the Court does not find defendant's explanations satisfactory. There is no question Shepherd diminished the assets of his estate in the amount of at least $20,256.21. Shepherd's vague and unsubstantiated claims that this money was spent on alcohol, drugs and/or gambling, or that he does not know where the money was spent as a result of being under the influence of drugs or alcohol, without providing any more specific information – is insufficient to carry his burden under § 727(a)(5), as a matter of law. The Court has viewed all the facts in the light most favorable to Shepherd, and the Court has further discounted any questions surrounding his credibility. Nevertheless, the Court still comes to the conclusion that the explanation he has provided concerning the disposition of estate assets is simply insufficient.

The Court thus finds that Debtor shall be denied a discharge under § 727(a)(5). This finding renders the remainder of the Trustee's claims in this adversary proceeding moot. Further prosecution of the remaining claims, where the Trustee seeks to deny discharge on other bases, would not entitle the United States Trustee to any additional relief, even if the remaining claims were successfully prosecuted. Therefore, the United States Trustee's claims under 11 U.S.C. § 727(a)(3) and (4) will be dismissed, without prejudice, as moot.

**IT IS, THEREFORE, BY THIS COURT ORDERED** that the United States Trustee's Motion for Partial Summary Judgment, which seeks a denial of discharge pursuant to 11 U.S.C. §

---

[38]*Matter of D'Agnese*, 86 F.3d at 734 (quoting *In Re Martin*, 698 F.2d 883, 886 (7th Cir.1983)).

Case 04-07090    Doc# 37    Filed 10/07/05    Page 11 of 12

727(a)(5), is granted.  James Ray Shepherd will not be granted a discharge in Case No. 04-41627

pursuant to 11 U.S.C. § 727(a)(5).

**IT IS FURTHER ORDERED** that the United States Trustee's claims under 11 U.S.C. §

727(a)(3) and (4) are rendered moot by the judgment on the claim under § 727(a)(5) and are,

therefore, dismissed without prejudice.

**IT IS FURTHER ORDERED** that the foregoing constitutes Findings of Fact and

Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a)

of the Federal Rules of Civil Procedure.  A judgment based on this ruling will be entered on a

separate document as required by  Fed. R. Bankr. P. 9021 and Fed. R. Civ. P. 58.

###